IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| ANTONIO ROCK, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-96 |
| v. | |
| ANDREW SAUL, Commissioner of Soocial Security, | |
| Defendant. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss for Noncompliance with Court Order. Doc. 12. For the reasons discussed below, I **RECOMMEND** the Court **GRANT** Defendant's Motion and **DISMISS** Plaintiff's Complaint without prejudice. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**BACKGROUND**

Plaintiff originally filed this Social Security appeal because he contests the November 8, 2018 decision of the Social Security Commissioner denying his disability claim. Doc. 1; Doc. 8-2 at 15–26 (R. 14–25). Plaintiff represents himself. On March 2, 2020, this Court issued an Order directing the parties to file briefs within 30 days. Doc. 9. In particular, the Court directed Plaintiff to file a brief "setting forth all errors which Plaintiff contends entitle him to relief." Id. at 1. The Court directed Plaintiff to include the following in his brief: (1) statement of the issues presented for review; (2) a statement of the case that includes procedural history, material facts

supported by record citations; (3) a legal argument supported by citations to the record and legal authority; and (4) a conclusion briefly stating the relief sought.  Id. at 1–2.

On March 30, 2020, Plaintiff filed several pages of medical records relating to his various conditions.  Doc. 10.  However, these medical records largely address the severity of his conditions after the Novemeber 8, 2018 decision of the Administrative Law Judge ("the ALJ"). Id.  Plaintiff did not file any accompanying brief setting forth errors committed by the Commissioner or the ALJ.  Id.  Thus, Defendant then filed a Motion to Dismiss for failure to comply with the Court's March 2, 2020 Order.  Doc. 12.  Defendant claims he cannot file a brief "responding to each issue raised by Plaintiff" when Plaintiff has not alleged a single error committed by the Commissioner.  Doc. 9 at 2; Doc. 11 at 3.  On June 2, 2020, this Court ordered Plaintiff to file a response to Defendant's Motion to Dismiss within 7 days and to comply with the Court's prior Order and file a brief on the merits within 7 days.  Doc. 12.  This Court warned Plaintiff "his failure to properly respond may result in the dismissal of his entire action."  Doc. 12 at 2.  On June 8, 2020, Plaintiff filed two pages apologizing for his misunderstanding of the Court's March 2, 2020 Order, along with a short summary of his medical conditions.  Doc. 13 at 1–2.  Plaintiff also attached several pages summarizing his past work history and medical conditions.  Doc. 13-1.

## DISCUSSION

While the Court is sympathetic to the challenges Plaintiff may face as a pro se litigant, Plaintiff's Complaint is due to be dismissed.  Plaintiff has still failed to comply with this Court's March 2, 2020 Order.  Doc. 9.  The Court directed Plaintiff to file a brief setting forth the specific errors he contends entitle him to relief.  Id.  But even considering Plaintiff's most recent filing, Plaintiff has not alleged a single error committed by the Commissioner or the ALJ.  Doc.

2

13. Because Plaintiff has not alleged any specific errors committed by the Commissioner and the ALJ, the Court has not been presented with any basis for reversing the Commissioner's decision. It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Without appropriate briefing from Plaintiff, the Court cannot conduct a meaningful review of whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. Conducting a sua sponte review of the entire record without any specific errors alleged by Plaintiff would simply exceed the role of this Court in reviewing Social Security appeals. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1368 (11th Cir. 1998) ("[E]ven in the case of pro se litigants, this leniency [to liberally construe filings] does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (internal citations omitted).

In addition to failing to allege specific errors, Plaintiff has also failed to comply with other procedural requirements included in this Court's March 2, 2020 Order. Doc. 9. Federal Rule of Civil Procedure 16(f)(1)(C) states the Court may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling order or other pretrial order." Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court can dismiss a

3

case for noncompliance with a Court Order. Additionally, Federal Rule of Civil Procedure 41(b) authorizes a defendant to move for dismissal when a plaintiff fails to comply with a court order.

Plaintiff has not filed a statement of the issues for review, a full statement of the case, a legal argument, or a conclusion. Doc. 9. Plaintiff has not included citations to the record below or legal authority, despite being ordered to do so. Id. Although the Court should liberally construe pro se filings, pro se plaintiffs are not excused from complying with procedural rules, including those created by this Court. McNeil v. United States, 508 U.S. 106, 113 (1993). Further, the Court specifically warned Plaintiff his failure to comply with the March 2, 2020 Order could result in the dismissal of his Complaint. Doc. 12 at 2. Because Plaintiff has still not complied, Plaintiff's Complaint should be dismissed.

## CONCLUSION

Accordingly, I **RECOMMEND** the Court **GRANT** Defendant's Motion and **DISMISS** Plaintiff's Complaint without prejudice. I also **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 30th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA